```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED: 10/27/2022               │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RONALD H. KARP, Individually and On
Behalf of All Others Similarly
Situated,

               Plaintiff,

        - against -

KIROMIC BIOPHARMA, INC., MAURIZIO
CHIRIVA-INERNATI, TONY TONTAT, GIANLUCA
ROTINO, PIETRO BERSANI, AMERICO
CICCHETTI, MICHAEL NAGEL, JERRY
SCHNEIDER, and THINKEQUITY LLC,

               Defendant.

**22 Civ. 6690 (VM)**

---

JOSEPH PODMORE, Individually and On
Behalf of All Others Similarly
Situated,

               Plaintiff,

        - against -

KIROMIC BIOPHARMA, INC., MAURIZIO
CHIRIVA-INERNATI, TONY TONTAT, GIANLUCA
ROTINO, PIETRO BERSANI, AMERICO
CICCHETTI, MICHAEL NAGEL, JERRY
SCHNEIDER, and THINKEQUITY LLC,

               Defendants.

**22 Civ. 8433 (VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

    On August 5, 2022, Plaintiff Ronald H. Karp ("Karp")
filed a complaint on behalf of himself and a putative class
against Defendants alleging violations of the securities
laws. (See No. 22 Civ. 6690, Dkt. No. 1.) On October 3, 2022,
Plaintiff Joseph Podmore ("Podmore") also filed a complaint

1

on behalf of himself and a putative class against Defendants alleging substantially similar violations of the securities laws as Karp. (See No. 22 Civ. 8433, Dkt. No. 1.) Then, on October 4, 2022, both Karp on Podmore filed competing motions to consolidate the cases and each sought appointment as Lead Plaintiff and for approval of their selection of Lead Counsel. (See No. 22 Civ. 6690, Dkt. Nos. 8 & 12.) Defendant ThinkEquity LLC ("ThinkEquity") filed a declaration opposing both Karp and Podmore's motions and arguing that, instead, both the Karp and Podmore actions should be consolidated with another case pending before Judge Analisa Torres, captioned Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc., No. 22 Civ. 1927 (AT) (S.D.N.Y.). (See No. 22 Civ. 6690, Dkt. No. 15.) On October 18, 2022, Karp filed a Response to Podmore's motion (see No. 22 Civ. 6690, Dkt. No. 22), and Podmore filed a notice of non-opposition to Karp's (see id., Dkt. No. 23.)

**WHEREAS** the Court has considered the competing motions and accompanying papers for Consolidation, Appointment of Lead Plaintiff, and Approval of Lead Counsel,

**IT IS HEREBY ORDERED THAT:**

## I.    CONSOLIDATION

1.   Upon review of the complaints and other papers filed with the Court in connection with the Karp and Podmore

cases captioned above, the Court noted that in all material respects the complaints describe the same or substantially similar underlying events arising out of the same or substantially similar operative facts, and assert the same or substantially similar claims against the same or substantially similar defendants. Accordingly, pursuant to Federal rule of Civil Procedure 42, the above-captioned actions are hereby consolidated for all purposed into one action.

2. Further, having considered the facts and claims in each case, the Court also determines that consolidation with Sabby Volatility would be inappropriate and **DENIES** the request. ThinkEquity has been dismissed from Sabby Volatility, which has already proceeded to the motion to dismiss stage. Further, Sabby Volatility is neither a putative class action nor does it involve allegations of Exchange Act violations, making it sufficiently different from the Karp and Podmore actions such that consolidation would not promote judicial economy

3. The consolidated Karp and Podmore actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

4.    Every  pleading  in  the  Consolidated  Action  shall
bear the following Caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE KIROMIC BIOPHARMA, INC. SECURITIES LITIGATION** | No. 1:22-cv-6690 |
| **THIS DOCUMENT RELATES TO:** | <u>CLASS ACTION</u><br><br>**[TITLE OF DOCUMENT]** |

5.    When  the  document  being  filed  pertains  to  all
actions, the phrase "All Actions" shall appear immediately
after  the  phrase  "This  Document  Relates  To:".  When  the
document applies to some, but not all, of the actions, the
document  shall  list,  immediately  after  the  phrase  "This
Document Relates To:", the docket number for each individual
action to which the document applies, along with the name of
the first-listed plaintiff in said action.

6.    This  Court  requests  assistance  of  counsel  in
calling to the attention of the Clerk of this Court the filing
or  transfer  of  any  case  which  might  not  properly  be
consolidated as part of this Consolidated Action.

II.   <u>**MASTER DOCKET AND MASTER FILE**</u>

7.    A  Master  Docket  and  Master  File  shall  be
established  for  the  Consolidated  Action.  The  Master  File
shall be No. 1:22-cv-6690. All orders, pleadings, motions and

other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, motion or document is filed with a caption indicating that it is applicable to fewer than all individual actions in the Consolidated Action, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

8.    When a case that arises out of the subject matter of this Consolidated Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

> a.    File a copy of this Order in the separate file for such action;
>
> b.    Notify all counsel of record of the filing or transfer of such action;
>
> c.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and
>
> d.    Make the appropriate entry in the docket for this Consolidated Action.

9.    Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall,

within ten days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

### III. <u>**LEAD PLAINTIFF APPOINTMENT**</u>

10.   Having reviewed all pending motions and accompanying papers, the Court hereby appoints Ronald H. Karp, Ari Karp, and Ethan Karp (together, the "Karp Family") as Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Court finds that the Karp Family satisfies the requisite factors under the PSLRA and Federal Rule of Civil Procedure 23, and notes that Podmore agrees that the Karp Family has the greatest financial interest in the matter, having suffered the greatest financial loss of the moving parties. (See No. 22-cv-6690, Dkt. No. 23.)

### IV.   <u>**LEAD COUNSEL APPOINTMENT AND RESPONSIBILITIES**</u>

11.   Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Gainey McKenna & Egleston, who is approved as Lead Counsel for the Class in the Consolidated Action.

12.   Lead Counsel shall have the following responsibilities and duties, to be carried out either

personally or through counsel whom lead counsel shall designate:

      a.   to coordinate the briefing and argument of motions;

      b.   to coordinate the conduct of discovery proceedings including experts;

      c.   to coordinate the examination of witnesses in depositions;

      d.   to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

      e.   to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

      f.   to coordinate all settlement negotiations with counsel for defendants;

      g.   to coordinate and collect monthly time and expense reports from all plaintiffs' attorneys in the Consolidated Action;

      h.   to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

      i.   to supervise any other matters concerning the efficient prosecution, resolution or settlement of the Consolidated Action.

13. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

14.   Counsel in any related action that is consolidated with this Consolidated Action shall be bound by this organization of plaintiffs' counsel.

15.   Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

16.   Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

17.   Defendants shall effect service of papers on plaintiffs by serving a copy of same on lead counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

*  *  *  *  *

18.   During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

19.  Movant, through Lead Counsel, shall file a consolidated amended class action complaint (the "CAC") within 60 days of entry of this order.

20.  Defendants shall Answer or otherwise respond to the CAC within 45 days after its service.

21.  If Defendants file an Answer to the CAC, the Court directs the parties to submit a joint letter, within thirty (30) days of the date of the service of the Answer, addressing the following in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; (3) the prospect for settlement; and (4) whether the parties consent to proceed for all purposes before the Magistrate Judge designated for this action. The parties are also directed to submit a completed Case Management Plan that provides that discovery is to be completed within four months unless otherwise permitted by the Court. A model Case Management Plan is available on the Court's website: https://nysd.uscourts.gov/hon-victor-marrero.

**SO ORDERED.**

Dated:     27 October 2022
           New York, New York

 

_____
           Victor Marrero
           U.S.D.J.